UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA DEARMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08-CV-825 CAS |
| | ) |
| THE DIAL CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on cross-motions for summary judgment on Count V of plaintiff's First Amended Complaint, filed by plaintiff Debra Dearman and defendant Life Insurance Company of North America ("LINA"). Count V concerns the denial of plaintiff's claim for long term disability benefits under a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. LINA also moves for summary judgment on plaintiff's state law claims in Counts III and IV. The motions are fully briefed and ready for decision.

For the following reasons, the Court will grant LINA's motion for summary judgment on plaintiff's state law claims in Counts III and IV, and deny its motion for summary judgment on Count V. Plaintiff's motion for summary judgment on Count V will also be denied.

**Background**

Plaintiff was employed by defendant The Dial Corporation ("Dial") between 1992 and 2005 as a plant financial manager. Defendant LINA is the claims administrator for Dial's Short-Term Disability (STD) program, which is self-funded by Dial. LINA is both the insurer and the claims administrator for Dial's Long-Term Disability (LTD) program. Only the LTD program is covered by ERISA.

Plaintiff was diagnosed with a series of illnesses, beginning with inflamed spinal nerve roots and repetitive stress trauma of both wrists. She was later diagnosed with osteoarthritis and fibromyalgia. She became unable to work full time and later was unable to work at all. She went on sick leave and applied for STD benefits on December 15, 2003 and applied for LTD benefits in 2004.

Plaintiff's claim for STD benefits as of December 15, 2003 was denied by LINA in 2004 and she reapplied for STD benefits in September 2004. Plaintiff's second claim for STD benefits was granted from September 16, 2004 to March 16, 2005. Plaintiff was terminated from employment with Dial when her STD benefits ended and she was still unable to work.

LINA denied plaintiff's claim for LTD benefits in April 2005 and again in December 2005. Plaintiff appealed and provided additional documentation, but LINA upheld the denial in January 2007. Plaintiff filed a voluntary appeal which was finally resolved by LINA in October 2007 with a final denial of LTD benefits. In the meantime, plaintiff applied for Social Security Disability benefits and in April 2006 received a favorable determination that she was disabled as of December 15, 2003.

**Summary Judgment Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor).

Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. See Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006).

Where parties file cross-motions for summary judgment, each summary judgment motion must be evaluated independently to determine whether a genuine dispute of material fact exists and whether the movant is entitled to judgment as a matter of law. See, e.g., Wermager v. Cormorant Township Bd., 716 F.2d 1211, 1214 (8th Cir.1983). The denial of one does not necessitate the grant of the other. M. Snower & Co. v. United States, 140 F.2d 367, 369 (7th Cir. 1944).

3

**Discussion**

    **A.  Counts III and IV are Preempted**

LINA moves for summary judgment on plaintiff's state law claims for prima facie tort in Count III and punitive damages in Count IV, on the basis that these claims are preempted by ERISA. Plaintiff does not respond to this aspect of LINA's motion.

ERISA preempts "any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a).  The Supreme Court has commented that this preemption language is "conspicuous for its breadth."  FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990).  Nonetheless, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n. 21 (1983).  A law "relates to" a covered employee benefit plan for purposes of ERISA if it has (1) "a connection with" or (2) "reference to such a plan." Parkman v. Prudential Ins. Co. of Am., 439 F.3d 767, 771 (8th Cir. 2006) (quoting California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 324 (1997)).

Plaintiff's state law claim for prima facie tort is based on her contention that LINA denied her claim for LTD benefits with the intent to injure her.  The essence of plaintiff's claim is that she did not receive disability benefits to which she was entitled, which is fairly characterized as related to the administration of plan benefits.  Such claims fall within the scope of ERISA and are therefore preempted by ERISA.  See Parkman, 439 F.3d at 771-72 (plaintiff's state-law fraud claim based on insurer's alleged mishandling of claim for benefits was preempted by ERISA because it related to administration of plan benefits); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987) (ERISA preempted state common-law tort and contract action asserting improper processing of claim for benefits under insured employee benefit plan; "the express pre-emption provisions of ERISA are

4

deliberately expansive"); Hull v. Fallon, 188 F.3d 939 (8th Cir. 1999) (state medical malpractice claim was completely preempted by ERISA where substance of claim rested on denial of benefits), cert. denied, 528 U.S. 1189 (2000); Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc., 999 F.2d 298, 302 (8th Cir. 1993) (plaintiff's state-law claims for tortious interference with contractual relationship, medical malpractice, and breach of contract arose from the administration of benefits under an ERISA plan, and therefore were preempted by ERISA), cert. denied, 510 U.S. 1045 (1994). LINA's motion for summary judgment on Count III should therefore be granted based on ERISA preemption.

Plaintiff's claim for punitive damages in Count IV is also preempted by ERISA. ERISA's enforcement remedies are intended to be exclusive. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 141-45 (1990). As a result, it is well established that ERISA does not authorize extracontractual, compensatory, or punitive monetary damages. See, e.g., Mertens v. Hewitt Assocs., 508 U.S. 248 (1993) (only "equitable relief" is available under 29 U.S.C. § 1332); Howe v. Varity Corp., 36 F.3d 746, 753 (8th Cir. 1994) ("Only equitable relief, as opposed to damages, is available under ERISA . . . and punitive damages are not, by any stretch of the imagination, equitable relief."); Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 942 (8th Cir. 1999) (ERISA "does not provide recourse for extracontractual damages related to a breach of the plan"); Olsen v. FMH Benefits Servs., Inc., 2008 WL 2132121, at *3 (E.D. Mo. May 20, 2008) (punitive damages are extracontractual damages not authorized by ERISA). LINA's motion for summary judgment on Count IV should also be granted.

Furthermore, a claim for punitive damages is not a separate cause of action, although it is stated in a separate count in the First Amended Complaint. "There is no independent cause of action for punitive damages under either federal or Missouri law; punitive damages are a type of recovery

5

available in some instances but not others." Jackson v. Wiersema Charter Servs., Inc., 2009 WL 1310064, at *3 (E.D. Mo. May 11, 2009) (quoted case omitted; citing cases). See also Jones v. Housing Auth. of Kansas City, Mo., 118 S.W.3d 669, 675 (Mo. Ct. App. 2003) ("Exemplary damages do not and cannot exist as an independent cause of action, but such damages are mere incidents to the cause of action and can never constitute the basis thereof.") (quoted case omitted). Count IV therefore also fails to state a claim upon which relief can be granted.

### B. Count V

Plaintiff moves for summary judgment against LINA on Count V, asserting that it abused its discretion in the review and denial of her claim for long-term disability benefits, and that she has established her disability under the LTD plan. Plaintiff asserts that her disability is established by (1) an April 2006 decision of the Social Security Administration which found that she had the severe impairments of fibromyalgia, chronic fatigue syndrome, arthritis, cervical degenerative disc disease, asthma, bilateral carpal tunnel syndrome, neuropathy affecting her legs, depression and anxiety, and that she was disabled as of December 15, 2003; (2) a March 2005 neuropsychological evaluation by Dr. Leonberger, a Clinical Psychologist, which concluded that plaintiff was unable to function in either of her prior positions with Dial, based on her physical problems and secondary depression and anxiety; and (3) a November 2006 vocational assessment by Dr. Magrowski, a Vocational Rehabilitation Consultant, which concluded that plaintiff was unable to work in her sedentary position as a Plant Financial Manager.

LINA moves for summary judgment on Count V, asserting that its denial of plaintiff's LTD claim was reasonable and supported by substantial evidence in the administrative record. LINA asserts that the administrative record demonstrates plaintiff's condition would not prevent her from working a sedentary job, that her condition steadily improved from 2002 to 2005, and that her

6

psychological condition is not totally disabling and she has no cognitive disorder. In the alternative, LINA asserts that plaintiff's claim should be remanded for further administrative proceedings to (1) permit LINA to conduct an "any occupation" analysis of plaintiff's claim, rather than the "own occupation" analysis it conducted because, after 24 months of disability, LTD benefits remain payable only if the employee is unable to perform all the material duties of any occupation for which she is or may reasonably become qualified; and (2) permit LINA to investigate whether plaintiff's benefits should be limited under the Plan's mental illness limitation, which limits benefits to 24 months if the claimant's disability is "caused or contributed to" by a mental illness.

The Court has carefully reviewed the summary judgment record and finds that genuine issues of material fact remain which preclude summary judgment for either party. Plaintiff is not entitled to summary judgment because, although the Social Security Administration decided that plaintiff was totally disabled as there are no jobs that exist in significant numbers in the national economy that she can perform, she has not attempted to establish that the criteria for disability under the LTD Plan are the same as for Social Security disability determinations. A Social Security Administration determination that a person is totally disabled is not binding on the courts in ERISA litigation. Riedl v. General Am. Life Ins. Co., 248 F.3d 753, 759, n.4 (8th Cir. 2001).

As for Dr. Leonberger's neurological evaluation, he concluded that plaintiff could not perform her former positions as of March 2005, but does not address the issue of plaintiff's ongoing claimed disability. Dr. Magrowski's assessment expressly states that it was intended to determine whether plaintiff could have performed her job as Plant Financial Manager in December 2003. Although Dr. Magrowski concluded that plaintiff could not perform her position in December 2003, he did not address plaintiff's ongoing claimed disability. Based on the foregoing, the Court cannot say as a matter of law, on the record as presented to it, that plaintiff is entitled to judgment.

7

Under ERISA, the standard of review of a denial of benefits claim turns on whether the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Where the plan administrator has such discretionary authority, as here, judicial review is limited to an abuse of discretion standard. Id.

In Metropolitan Life Insurance Company v. Glenn, 128 S. Ct. 2343 (2008), the United States Supreme Court concluded that a conflict of interest is present when a plan administrator acts in dual roles as a payor of plan benefits as well as an administrator who decides whether benefits are paid, as does LINA in this case. The Court declined to hold that such a conflict warrants a less deferential standard of review in all cases, but rather adopted a "combination of factors" method in which the conflict of interest can act "as a tiebreaker when other factors are closely balanced." Id. at 2351. A conflict is "more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." Id. "In Glenn, the Supreme Court made clear the conflict does not change the standard of review applied by the district court." Hackett v. Standard Ins. Co., 559 F.3d 825, 830 (8th Cir. 2009). Rather, Glenn merely instructs courts to "take into account several different considerations" when evaluating the deference to be afforded a plan administrator's decision, "of which a conflict of interest is one." Glenn, 128 S. Ct. at 2351.

"Under the abuse of discretion standard, the plan administrator's decision to deny benefits will stand if a reasonable person could have reached a similar decision." Sahulka v. Lucent Technologies, Inc., 206 F.3d 763, 767 (8th Cir. 2000) (internal punctuation and quoted case omitted). In evaluating reasonableness, the court determines "whether the decision in supported by

substantial evidence, which is more than a scintilla but less than a preponderance." Willcox v. Liberty Life Assur. Co. of Boston, 552 F.3d 693, 700 (8th Cir. 2009) (quoted case omitted). Substantial evidence has also been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Delta Family-Care Disability and Survivorship Plan v. Marshall, 258 F.3d 834, 841 (8th Cir. 2001) (quoted case omitted), cert. denied, 534 U.S. 1162 (2002). Ultimately, the reviewing court "must affirm if 'a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." Sahulka, 206 F.3d at 769 (quoted case omitted) (emphasis in original)).

The Court cannot find LINA's decision to deny LTD benefits reasonable or supported by substantial evidence as a matter of law because the record indicates that LINA misinterpreted and selectively omitted significant portions of the medical records on which its decision was based. On March 3, 2006, LINA denied plaintiff's appeal of its previous denial of LTD benefits on the basis that "the available clinical information does not support physical nor [sic] psychological impairments which would preclude you from being able to work." The denial states in part, "Per the Functional Capacity Evaluation completed on March 3, 2005 it was determined that you were capable of functioning in a light physical demand level over an eight hour day." This refers to Functional Capacity Evaluation prepared by Jodie Ingrham, Physical Therapist, and ignores the portion of that report which states, "[Plaintiff] is only able to tolerate sitting on a frequent basis with frequent positional changes required due to increased pain. She was unable to perform constant sitting which is required for her Sedentary Level job. Her placement in the Light Physical Demand Level was determined by her lifting capacity only." Lifting is not a significant requirement for plaintiff's prior positions. LINA's interpretation of the Functional Capacity Evaluation is suspect, and clearly slanted in its favor.

9

In the same denial, LINA states "there are no restrictions and limitations given that would preclude you from performing sedentary work." This statement ignores the Functional Capacity Evaluation's finding that plaintiff could not perform the constant sitting required for her job, and other evidence in the record concerning plaintiff's pain, restriction of range of motion, and mobility restrictions from, among other things, carpal tunnel syndrome, disc disease and fibromyalgia, such as are set forth in the physical therapy progress reports of Mary Martin, Physical Therapist.

The March 3, 2006 denial also states,

> Neuropsychological testing from March 9, 2005 concludes that although you may have experienced some mild cognitive decline from previous functioning in the areas of psychomotor speed and information processing, it would not qualify you as having any cognitive disorders and that level of cognitive problems would not prevent you from working. It is also noted that although there are significant work related stressors, you would be able to return to work to your own occupation.

The quoted language purports to summarize Dr. Leonberger's neuropsychological evaluation of March 9, 2005, the findings of which are detailed in a nine-page report. Dr. Leonberger found, among other things, that plaintiff's "ability to process information and respond quickly was found to be in the low average range, and this is a significant finding, given her educational history and job description." With respect to functional limitations, Dr. Leonberger found that plaintiff had moderate to marked impairment in activities of daily living, moderate impairment in social functioning, marked impairment in concentration, persistence and pace, and marked impairment in deterioration or decompensation in work or work-like settings. Dr. Leonberger commented that plaintiff's depression and anxiety appeared secondary to her physical problems. Dr. Leonberger stated he read the job descriptions of plaintiff's positions with Dial and concluded, "The results of the current neuropsychological evaluation, as well as [plaintiff's] history of medical and psychiatric

10

problems, <u>render her unable to perform either of these jobs, in my professional opinion</u>." (Emphasis added).

The Court cannot see how LINA could reasonably interpret Dr. Leonberger's findings, that plaintiff had moderate to marked impairments in all of her functional limitations, and his conclusion that she was unable to perform either of her past jobs, to mean that plaintiff would be able to return to work in her own occupation. LINA also appears to have selectively reviewed the records of plaintiff's treating psychiatrist, Dr. Rizvi, and her treating counselor, Della Benham, citing those portions of the records which could be considered favorable to it but ignoring the significant portions which would tend to support plaintiff's disability claim.

The Eighth Circuit recently reiterated that a "plan administrator abuses its discretion when it ignores relevant evidence." <u>Willcox</u>, 552 F.3d at 701 (plan administrator abused its discretion by relying on reviewing physician's incomplete, selective review of the medical evidence). In <u>Norris v. Citibank, N.A. Disability Plan (501)</u>, 308 F.3d 880, 885 (8th Cir. 2002), the Eighth Circuit held that a plan administrator abused its discretion in part by failing to "address the extensive medical evidence relating to [the claimant's] disability or the consistent conclusions of her doctors and various [plan administrator] personnel that she could not work." Similarly, in <u>Torres v. UNUM Life Ins. Co. of Am.</u>, 405 F.3d 670, 681 (8th Cir. 2005), the Court held it was an abuse of discretion for the plan administrator to "ignore[] evidence that was directly related to the Plan's definition of disability." The Eighth Circuit has also cited with approval the Sixth Circuit's conclusion that a plan administrator abused its discretion when it

> focused on slivers of information that could be read to support a denial of coverage and ignored-without explanation-a wealth of evidence that directly contradicted its basis for denying coverage. Such a decision-making process is not deliberate or principled, and the explanation provided was far from reasoned, as it failed to address any of the contrary evidence.

11

Willcox, 552 F.3d at 702 (quoting Metropolitan Life Ins. Co. v. Conger, 474 F.3d 258, 265 (6th Cir. 2007)). See also Moon v. Unum Provident Corp., 405 F.3d 373, 381 (6th Cir. 2005) (abuse of discretion to conduct "selective review of the administrative record" rather than "administrative record as a whole"). LINA's seemingly selective review of the administrative record, particularly in light of its conflict of interest, precludes judgment in its favor.

LINA's alternative request that the Court remand this matter for further administrative proceedings is denied. The record indicates LINA has already conducted "any occupation" analysis and analysis of plaintiff's mental health conditions. LINA's March 3, 2006 denial letter refers to the Plan's 24-month limitation of "own occupation" benefits and subsequent "any occupation" benefits, and addresses both plaintiff's physical and mental conditions. LINA's January 10, 2007 denial letter also refers to the 24 month limitation on "own occupation" benefits and subsequent "any occupation" benefits. The 2007 denial expressly states that LINA "considered [plaintiff's] claim as a whole for purposes of determining her entitlement for benefits" and that the LINA would pay benefits only if plaintiff was "prevented by disability to perform the duties of her occupation or any occupation." (Emphasis added). The 2007 denial clearly indicates that LINA evaluated plaintiff's psychiatric condition and concluded it was not disabling.

**Conclusion**

For the foregoing reasons, the Court will grant defendant LINA's motion for summary judgment on plaintiff's state law tort claims for prima facie tort and punitive damages in Counts III and IV. The parties' cross-motions for summary judgment on plaintiff's ERISA claims in Count V will be denied. The Court does not interpret Counts I and II of the First Amended Complaint as asserting claims against LINA.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Life Insurance Company of North America's motion for summary judgment is **GRANTED in part** and **DENIED in part**; said motion is **GRANTED** as to plaintiff's state law claims in Counts III and IV and **DENIED** as to plaintiff's ERISA claim in Count V. [Doc. 42]

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment on Count V against defendant Life Insurance Company of North America is **DENIED**. [Doc. 56]

An appropriate partial judgment will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of January, 2010.